Dear Mayor Merritt:
This office is in receipt of your opinion request concerning imposition of fees for the Mayor's Court of Sibley. Specifically you ask us to consider whether Town of Sibley Ordinance No. 86 is legally valid. In pertinent part, the ordinance provides:
I. Imposition of Court Costs for Mayor's Court
 The mayor or presiding court magistrate for Mayor's Court for the Village of Sibley be and he is hereby authorized to impose court costs not to exceed Fifteen and No/100 ($15.00) Dollars for each offense and for any defendant convicted of a violation of a municipal ordinance in Mayor's Court, the court costs to be allocated as follows:
 Clerk Charges (General fund) $ 5.00 Mayor's Court Fund $ 10.00 ------- Total: $ 15.00
In addressing your inquiry, we look first to LSA-R.S. 33:441, which authorizes the imposition of mayor's court fees in municipalities governed by the Lawrason Act. As Sibley is incorporated under the Lawrason Act, the provisions of the statute are applicable. The law pertinently provides:
 A. Except as provided in Chapter 7 of Title 13, there shall be a mayor's court in the municipality, with jurisdiction over all violations of municipal ordinances. The mayor may try all breaches of the ordinances and impose fines or imprisonment, or both, provided for the infraction thereof. Notwithstanding any other provision of law to the contrary, the mayor may also impose court costs not to exceed thirty dollars for each offense, as defined by ordinance, on any defendant convicted of a municipal offense. See LSA-R.S. 33:441 (A). (Emphasis added.)
This statute authorizes a mayor's court to impose court costs up to thirty dollars ($30.00). Language in the Sibley ordinance imposing court costs of fifteen dollars ($15.00) is preempted by state law authorizing thirty dollars ($30.00). The board of alderman may not legally limit the mayor's authority in this respect, although it remains the mayor's prerogative to impose court costs less than the thirty dollars ($30.00) allowed by statute.
You also suggest via your request that the fees will be used as compensation for the mayor and clerk of the mayor's court and ask us to consider the legality of this allocation of fees. Compensation of municipal officers in Lawrason Act municipalities is governed by LSA-R.S. 33:404.1, which provides:
 The board of aldermen shall by ordinance fix the compensation of the mayor, alderman, clerk, chief of police, and all other municipal officers. The board of aldermen shall also by ordinance have the authority to increase or decrease the compensation of elected officials except as otherwise provided by LSA-R.S. 33:405 (G). However, the board of aldermen shall not reduce the compensation of the mayor or any elected official during the term for which he is elected. (Emphasis added).
In accord further are the provisions of LSA-R.S. 33:462:
 § 462. Expenditures pursuant to appropriation; warrants
 All expenditures of money for any purpose whatever shall be in pursuance of a specific appropriation made by order and in no other manner and shall be made in accordance with the provisions of R.S. 38:2211 et seq. Every warrant drawn on the treasury shall express on its face to whom issued and for what purpose allowed; and the ordinance authorizing its issue shall be cited by minute book and page, in or upon it. (Emphasis added).
Reviewing the ordinance submitted, we note that there is no directory language therein which would designate these court costs as earmarked for use as compensation for the mayor or the clerk of the mayor's court, as required by LSA-R.S. 33:404.1 and LSA-R.S. 33:462. The clerk of the mayor's court could legally be compensated from these funds, via ordinance. However, it remains the opinion of this office that absent an ordinance to the contrary, fines and court costs imposed by the mayor's court shall be paid into the town's treasury. See Attorney General Opinion 87-255, attached.
In contrast, to pay the mayor's salary directly from the monies collected as court costs is, in our opinion, ill-advised. To do so suggests that the mayor might not be an impartial judge, as his compensation would be tied directly to the conviction of those individuals whose cases he adjudicates. See Attorney General Opinions rendered April 5, 1973, and November 22, 1972, copies which are attached. See also the attached opinion rendered in the case of Ward V. Village of Monroeville, 93 S.Ct 80 (1972), in which the court held that since the mayor/judge exercised significant financial control over the fines collected, the defendant did not receive an impartial adjudication. Here, since there is a five member board of aldermen in addition to the mayor which controls the town finances, the mayor/judge's power over the fines collected is significantly minimized. In accord is the attached case of Augustus vs. Roemer, 771 F. Supp. 1458 (E.D. 1991).
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Attachment
OPINION NUMBER 87-255
Rel. July 24, 1987
71 ....... Municipalities
Municipalities may enact ordinances designating that fines and court costs or portions thereof shall be deposited or allocated to other municipal treasuries for other municipal functions.
Honorable R. C. Breaux Mayor, Town of Gueydan 600 Main Street Gueydan, Louisiana 70542